**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| REGINALD L. JACKSON, | DOCKET NUMBER |
| Appellant, | SF-0752-19-0585-C-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: July 31, 2026 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Reginald L. Jackson</u>, El Cajon, California, pro se.

<u>Andrew Campos</u>, <u>Kristopher Cronin</u>, and <u>Erin Leahann Hernandez</u>,
San Diego, California, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the compliance initial decision, which dismissed as withdrawn his petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review, VACATE the compliance initial decision, and DISMISS the appellant's petition for enforcement for lack of jurisdiction.

## BACKGROUND

On July 19, 2023, the Board issued its Final Order reversing the appellant's removal and ordering the agency to, among other things, cancel the removal, restore the appellant to his position, effective July 20, 2019, and calculate and pay back pay, benefits, and interest. *Jackson v. Department of the Navy*, MSPB Docket No. SF-0752-19-0585-I-1, Final Order (July 19, 2023). On August 10, 2023, the parties executed a settlement agreement in which the appellant agreed "not to pursue any type of enforcement action, appeal, or judicial review relating to the appeal docketed as SF-0752-19-0585-I-1, or the Order of July 19, 2023." *Jackson v. Department of the Navy*, MSPB Docket No. SF-0752-19-0585-C-1, Compliance File (CF), Tab 7 at 22. In exchange, the agency agreed to, among other things, revise the appellant's separation Standard Form 50 (SF-50) to reflect that he resigned for personal reasons, effective July 20, 2019, and provide the appellant with payments of $33,636.35 and $70,000.00, representing attorney's fees and back pay. *Id.* at 22-23.

The settlement agreement expressly stated that the parties would submit the agreement to the Board with a request that it be entered into the record for

enforcement purposes. CF, Tab 7 at 26. The agency provided a certificate of service indicating that it sent the agreement to the Board by U.S. mail and email on August 14, 2023. *Id.* at 27. In response to the agency's August 14, 2023 email, the Office of the Clerk of the Board notified the agency that email was not an acceptable method of submission, but if the parties wished to ask the Board to reopen the matter in MSPB Docket No. SF-0752-19-0585-I-1 to dismiss it as settled, the parties could file a request with its office via fax or U.S. mail detailing the request and providing the settlement agreement. CF, Tab 9 at 16-17. The Board has no record of having received a mailed settlement agreement or a request to reopen that matter.

On February 1, 2025, the appellant filed a petition for enforcement with the Board, asserting that the agency should have issued him a new SF-50 reflecting a resignation date of December 7, 2019, instead of July 20, 2019. CF, Tab 1 at 2. He argued that his "FERS [(Federal Employees' Retirement System)] [annuity benefit calculation] was changed from .8% to 4.4%" and he "lost 5 months of service time." *Id.* The agency responded that it had complied with the terms of the settlement agreement and that the appellant was seeking to revise the settlement agreement rather than alleging actual noncompliance by the agency. CF, Tab 7 at 8. The administrative judge issued a jurisdictional order instructing the appellant to submit evidence and argument showing why his petition for enforcement should not be dismissed, because it appeared that the parties had not submitted the settlement agreement into the record for enforcement purposes and the Board lacked authority to enforce such an agreement. CF, Tab 8 at 1-2. The administrative judge stated his intent to construe the execution of the settlement agreement as a request by the appellant to withdraw his appeal with prejudice absent any objections from the parties. *Id.* at 2.

The appellant responded that he did not agree to submit the settlement agreement to the Board and provided an email he sent to the agency expressing

his disagreement; he argued that the settlement agreement did not foreclose enforcement of the Board's Final Order. CF, Tab 9 at 4-9.

On April 30, 2025, the administrative judge issued a compliance initial decision dismissing the appellant's petition for enforcement as withdrawn. CF, Tab 11, Compliance Initial Decision (CID) at 3. The administrative judge found that the Board lacks authority to enforce a settlement agreement that has not been entered into the record for enforcement purposes. CID at 2. He noted, however, that the settlement agreement is a contract, and it binds the appellant, regardless of whether its terms are enforceable by the Board. CID at 3. He stated, by executing the agreement, the appellant agreed "not to pursue any type of enforcement action, appeal, or judicial review relating to the appeal docketed as SF-0752-19-0585-I-1, or the Order of July 19, 2023." CID at 2-3. He concluded that the appellant's execution of the settlement agreement was a clear, decisive, unequivocal, voluntary, and binding election to withdraw his appeal with prejudice. CID at 3.

The appellant has filed a petition for review, arguing that the Board's Final Order should be enforced because the settlement agreement was not entered into the record. *Jackson v. Department of the Navy*, MSPB Docket No. SF-0752-19-0585-C-1, Compliance Petition for Review (CPFR) File, Tab 1 at 3. He asserts that the administrative judge failed to consider the August 15, 2023 emails showing that he did not agree to submit the settlement agreement to the Board. *Id.* at 3. The agency has filed a response in opposition to the petition for review. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

It is well settled that the Board does not have the authority to enforce a settlement agreement that was not entered into the Board's record for enforcement purposes. *Barker v. Department of Agriculture*, 100 M.S.P.R. 695, ¶ 6 (2006); *Lopez v. U.S. Postal Service*, 71 M.S.P.R. 461, 463 (1996) (holding

that the Board lacked authority to adjudicate a petition for enforcement when the parties agreed to settle the appeal without incorporating the agreement into the record for enforcement purposes). The Board will consider the settlement agreement, even though it was reached outside of a Board proceeding, to determine its effect on the Board appeal and any waiver of Board appeal rights. *Lee v. U.S. Postal Service*, 111 M.S.P.R. 551, ¶ 4 (2009), *aff'd per curiam*, 367 F. App'x 137 (Fed. Cir. 2010); *see Blanding v. U.S. Postal Service*, 121 M.S.P.R. 248, ¶ 5 (2014) (recognizing that the Board will give due effect to the express terms of a valid settlement agreement entered into during the grievance process in which an employee waives his Board appeal rights). A party may challenge the validity of a settlement agreement if he believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Lee*, 111 M.S.P.R. 551, ¶ 4. He may also challenge the enforceability of any waiver of rights. *Id.* Such a waiver is enforceable if its terms are comprehensive, freely made, and fair, and execution of the waiver did not result from agency duress or bad faith. *Id.*

The appellant does not dispute the administrative judge's determination that the settlement agreement was clear, decisive, unequivocal, and voluntary, and did not result from misinformation. CID at 3. Instead, he maintains that he did not agree to dismiss the matter in MSPB Docket No. SF-0752-19-0585-I-1 and wishes to enforce the July 19, 2023 Final Order. CPFR File, Tab 1 at 3-4. However, as the administrative judge noted, the settlement agreement is a contract, and it binds the appellant, regardless of whether its terms are enforceable by the Board. CID at 3. The parties agreed in the settlement agreement that the terms of the agreement superseded the terms of the July 19, 2023 Final Order, and the appellant agreed not to pursue any type of enforcement action, appeal, or judicial review relating to the matter in MSPB Docket No. SF-0752-19-0585-I-1 or the July 19, 2023 Final Order. CF, Tab 7 at 22. Paragraph 2(a) of the settlement agreement stated that the appellant withdrew his

claim to the specific relief set forth the July 19, 2023 Final Order and agreed to the dismissal of that matter with prejudice. *Id.* at 23. Paragraph 4 of the settlement agreement stated that the parties entered into the agreement voluntarily, and the agreement was not the result of coercion, duress, intimidation, or other undue pressure of any kind. *Id.* at 25. Thus, we agree with the administrative judge's finding that the settlement agreement is binding on the parties. ID at 2-3.

However, to the extent that the administrative judge held that the appellant withdrew his compliance appeal, we observe that the appellant declined to do so. CF, Tab 9 at 5. Although the settlement agreement contained a statement that the appellant withdrew any claim for relief under the Board's July 19, 2023 Final Order, he signed the agreement before he filed the instant compliance appeal. CF, Tab 1, Tab 7 at 23-24, 26. Thus, we vacate the compliance initial decision because it erroneously dismissed the appeal as withdrawn. *See Voorhis v. Department of Homeland Security*, 114 M.S.P.R. 547, ¶¶ 3-4 (2010) (concluding that an administrative judge erred in dismissing a compliance appeal as withdrawn when the appellant requested dismissal on the basis that the matter was moot). Rather, we find that the appellant's petition for enforcement amounts to a prohibited collateral attack on the settlement agreement, and we dismiss the petition for enforcement for lack of jurisdiction. *See generally Coker v. Department of Commerce*, 111 M.S.P.R. 523, ¶ 9 (citing *Johnson v. U.S. Postal Service*, 108 M.S.P.R. 502, ¶ 16 (2008) (explaining that the Board generally will not entertain an appeal that amounts to a collateral attack on a settlement agreement)), *aff'd*, 355 F. App'x 421 (Fed. Cir. 2009).

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.